a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| KEVIN DEJUAN MCKINNEY #529796, Plaintiff | CIVIL DOCKET NO. 1:22-CV-00382 SEC P |
| VERSUS | JUDGE DRELL |
| DUSTIN DAVIS ET AL, Defendants | MAGISTRATE JUDGE PEREZ-MONTES |

REPORT AND RECOMMENDATION

Before the Court is a civil rights Complaint under 42 U.S.C. § 1983, filed by pro se Plaintiff Kevin Dejuan McKinney ("McKinney"). ECF No. 7. McKinney is a pretrial detainee at the Winn Parish Detention Center in Winnfield, Louisiana. McKinney complains that he was wrongfully arrested and incarcerated, and he seeks compensatory damages.

Because McKinney's criminal charges remain pending, his Complaint should be STAYED pending resolution of those charges.

I. Background

McKinney alleges that he was wrongfully arrested on September 2, 2021. ECF No. 7. He was charged with flight from an officer, battery of a dating partner, reckless operation of a vehicle, several counts of speeding, and possession of a Schedule II narcotic. ECF No. 7-1 at 3. He is awaiting trial on these charges.

1

McKinney asserts that the arresting officer provided "false information" to the judge and "added charges" to his arrest, which resulted in a higher bond amount. *Id.* at 5; 7-3 at 3. McKinney specifically claims that he was not speeding or attempting to avoid arrest. ECF No. 7-1 at 4.

## II. Law and Analysis

### A. McKinney's Complaint is subject to screening under 28 U.S.C. § 1915A.

As a prisoner seeking redress from an officer or employee of a governmental entity, McKinney's Complaint is subject to preliminary screening pursuant to § 1915A. *See Martin v. Scott*, 156 F.3d 578, 579–80 (5th Cir. 1998) (*per curiam*).

### B. McKinney's claims cannot be adjudicated while criminal charges are pending.

To recover damages for an allegedly unconstitutional conviction or other harm "caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a statute tribunal authorized to make such determinations, or called into question by a federal court's issuance of a writ of habeas." *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). Thus, if McKinney is ultimately convicted of the offenses, he will not be entitled to seek compensatory damages for his wrongful arrest and imprisonment until the conviction has been declared invalid.

Since the criminal prosecution remains pending, *Heck* does not yet apply. *See Wallace v. Kato*, 549 U.S. 384 (2007) (*Heck* rule applies only when there has been a conviction or sentence that has not been invalidated, not to pending criminal

charges.). However, federal courts have been authorized to stay civil rights claims attacking the legality of a detainee's arrest, prosecution, and detention until such time as the allegedly improper state prosecution has been concluded. *See Wallace*, 549 U.S. at 393–94; *Hopkins v. Ogg*, 783 F. App'x 350, 355 & n.20 (5th Cir. 2019) ("If a pretrial detainee brings claims that may ultimately be barred by *Heck*, the best practice is for the district court to stay the proceedings until the pending criminal case is resolved.").

### III. Conclusion

Because McKinney challenges an arrest for which criminal charges are pending, IT IS RECOMMENDED that his Complaint (ECF No. 7) be STAYED until the state criminal case is final.

Under 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), a party may file written objections to this Report and Recommendation within 14 days of service, unless the Court grants an extension of time to file objections under Fed. R. Civ. P. 6(b). A party may also respond to another party's objections to this Report and Recommendation within 14 days of service of those objections, again unless the Court grants an extension of time to file a response to objections.

No other briefs may be filed without leave of court, which will only be granted for good cause. A party's failure to timely file written objections to this Report and Recommendation will bar a party from later challenging factual or legal conclusions adopted by the District Judge, except if the challenge asserts "plain error."

SIGNED on Monday, May 2, 2022.

_____
JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE