a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| KEVIN DEJUAN MCKINNEY #529796, Plaintiff | CIVIL DOCKET NO. 1:22-CV-00382 SEC P |
| VERSUS | JUDGE DRELL |
| DUSTIN DAVIS ET AL, Defendants | MAGISTRATE JUDGE PEREZ-MONTES |

REPORT AND RECOMMENDATION

Before the Court is a civil rights Complaint under 42 U.S.C. § 1983, filed by pro se Plaintiff Kevin Dejuan McKinney ("McKinney"). ECF No. 7. McKinney is an inmate in the custody of the Louisiana Department of Corrections incarcerated at the Winn Parish Jail in Winnfield, Louisiana. McKinney alleges that he was wrongfully arrested and incarcerated, and he seeks compensatory damages.

Because McKinney's claim implies the invalidity of his conviction, his Complaint should be DENIED and DISMISSED.

I. Background

McKinney alleges that he was wrongfully arrested and charged with aggravated flight from an officer, battery of a dating partner, reckless operation of a vehicle, speeding, and possession of a schedule II narcotic. ECF No. 7-1 at 3.

McKinney asserts that the arresting officer provided "false information" to the judge and "added charges" to his arrest, which resulted in a higher bond amount. *Id.*

at 5; 7-3 at 3. McKinney specifically claims that he was not speeding or resisting. ECF No. 7-1 at 4. He seeks damages for his allegedly unlawful arrest and detention.

## II. Law and Analysis

### A. McKinney's Complaint is subject to screening under 28 U.S.C. § 1915A.

As a prisoner seeking redress from an officer or employee of a governmental entity, McKinney's Complaint is subject to preliminary screening pursuant to § 1915A. *See Martin v. Scott*, 156 F.3d 578, 579–80 (5th Cir. 1998) (*per curiam*).

### B. McKinney's § 1983 claim is barred by *Heck v. Humphrey*.

To prevail on a false arrest claim under § 1983, a plaintiff must show that he was arrested without probable cause. *Burge v. Par. of St. Tammany*, 187 F.3d 452, 480 (5th Cir. 1999). However, if a favorable judgment would imply the invalidity of a prisoner's conviction, an action seeking money damages related to that conviction cannot succeed until the plaintiff proves that the conviction has been reversed on direct appeal, expunged by executive order, declared invalid by a statute tribunal authorized to make such determinations, or called into question by a federal court's issuance of a writ of habeas. *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994).

McKinney was convicted of flight from an officer.[1] The same conduct that provides the basis for his conviction – fleeing from an officer – supports the probable cause for his arrest. *See Thomas v. Pohlmann*, 681 F. App'x 401, 406 (5th Cir. 2017)

---

[1] McKinney alleges that a jury acquitted him of aggravated flight from an officer; found him guilty of misdemeanor flight; and that the other charges remain pending. ECF No. 16. However, according to exhibits McKinney provided, he pleaded guilty to misdemeanor flight, and the charges of reckless operation, speeding, and battery of a dating partner were all dismissed. ECF No. 16-1.

(citing *Wells*, 45 F.3d at 95); *Thomas v. La. Dep't of Soc. Servs.*, 406 F. App'x 890, 898 (5th Cir. 2010) (per curiam) (false-arrest claim "would necessarily require the district court to re-evaluate the lawfulness of her arrest and criminal conviction because proof of" false arrest would require proving that the arrest was unlawful); *Cano v. Bexar Cnty., Tex.*, 280 F. App'x 404, 408 (5th Cir. 2008) (per curiam) (false-arrest claim was *Heck*-barred where conduct that provided probable cause to arrest also formed the basis of conviction). Because he was convicted of flight, McKinney's false arrest claim based up that arrest calls into question the validity of his conviction. Therefore, his claim is barred by *Heck*.

## III. Conclusion

Because McKinney's claim is barred by *Heck*, IT IS RECOMMENDED that his Complaint (ECF No. 7) be DENIED and DISMISSED under § 1915A, WITH PREJUDICE to being asserted again until the *Heck* conditions are met.[2]

Under 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), a party may file written objections to this Report and Recommendation within 14 days of service, unless the Court grants an extension of time to file objections under Fed. R. Civ. P. 6(b). A party may also respond to another party's objections to this Report and Recommendation within 14 days of service of those objections, again unless the Court grants an extension of time to file a response to objections.

---

[2] *DeLeon v. City of Corpus Christi*, 488 F.3d 649, 657 (5th Cir. 2007) ("A preferred order of dismissal in *Heck* cases decrees, 'Plaintiffs [sic] claims are dismissed with prejudice to their being asserted again until the *Heck* conditions are met.'").

No other briefs may be filed without leave of court, which will only be granted for good cause. A party's failure to timely file written objections to this Report and Recommendation will bar a party from later challenging factual or legal conclusions adopted by the District Judge, except if the challenge asserts "plain error."

SIGNED on Thursday, September 15, 2022.

_____
JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE